1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY JONES CLARK, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., a Delaware corporation,<br>                Defendant. | NO.<br><br>CLASS ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Holly Jones Clark  ("Clark" or "Plaintiff"), as and for her complaint, individually and on behalf of a nationwide class, against Defendant Amazon.com, Inc. ("Amazon" or "Defendant"), asserts the following based upon the investigation of counsel, except as to those allegations concerning her personally, which are based upon personal knowledge, as follows:

**I.     Nature of the Action**

CLASS ACTION COMPLAINT     JURY TRIAL DEMANDED - 1

**BORDE LAW PLLC**<br>1700 7th Ave., Suite 2100<br>Seattle, Washington 98101<br>(206) 531-2722

1      1.    Plaintiff brings this proposed class action against Amazon, on behalf of herself

2   and all others who have been damaged by Amazon's failure and breach of its own refund

3   policies, and its deceptive statements and unfair trade practices concerning its refund policies.

4      2.    Specifically, Defendant maintains a 30 day refund policy (the "Refund Policy")

5   in which customers are able to return unwanted items within 30 days, and to obtain a refund, or

6   to have their Amazon account credited, if the products have been timely and properly returned.

7      3.    Once a customer notifies Amazon of a refund, Amazon often issues an instant

8   refund, allegedly subject to Amazon receiving the item in issue.   If Amazon does not issue an

9   instant refund, then it generally represents to the customer that it will issue a refund once it

10  receives the item.

11     4.    Contrary to its representations, and the written terms Refund Policy, Amazon has

12  engaged in a repeated and systematic scheme in which it has received refunded goods, but has

13  wrongly failed to issue a refund, or has reversed the instant refund that it has earlier issue.

14     5.    Amazon is one of the largest retailers in the United States, with total sales in 2022

15  of over $356 billion.  It processes over 1% of the goods purchased as refunds.

16     6.    Given these amounts, Amazon's failure to properly refund customers, in violation

17  of its own Refund Policy, and its representations to customers that will issue or process a return

18  upon receipt of the product, enables Amazon to earn a windfall on failed refunds, and contrary

19  to is representations of customers, puts them in a position of having to track down each refund

20  on their particular bank statement or credit card to make sure that Amazon has complied with

21  its own refund policy.

22     7.    This conflicts with Amazon's public position in which it prides itself on having a

23  customer-friendly return and refund policy—a  particularly important issue, since as an on-line

24  retailer, customers have no opportunity to review, see or try on products before they make a

25  purchase.

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

1    8.   The alleged ease and accuracy with which customer's can return products are an

2    integral part of the Amazon shopping experience and are relied upon by customers when making

3    a   choice   as   to   whether   to   purchase   a   product   from   Amazon.

4    https://www.ranknbank.co/blog/navigating-amazon-customer-returns-policies-reasons-and-

5    tips#:~:text=Conversely%2C%20a%20smooth%20return%20process,can%20handle%20custo

6    mer%20returns%20seamlessly (noting that a smooth return process can lead to increased trust

7    and loyalty).

8    9.   In fact, studies have shown that most customers consider the ease of returns in

9    their buying decisions, with 76% of consumers checking a retailer's return policies before

10   making a purchase and 92% indicating that they would make a another purchase from an

11   ecommerce   store   if   their   return   of   the   original   product   went   smoothly.

12   https://zhenhub.com/blog/fulfilled-by-amazon-returns-and-refunds-policy.   Consequently, the

13   ease and accuracy of making returns is one of the keys to customers' decisions to purchase

14   through Amazon.

15   10.   Contrary to Amazon's representations in its return policy, however, Amazon,

16   however, repeatedly and regularly breaches its own refund policy and its representations

17   concerning the ease of its returns.  In particular, Amazon regularly fails to process refunds for

18   products which have been timely and properly returned to it, and/or recharges customers for

19   previously provided refunds or instant refunds, wrongly claiming that it has not received the

20   returned good, even when such good has been timely and properly returned. It further often

21   states on a customer account that a refund has been issued, when in fact, no refund has been

22   issued.

23   11. Consequently, and contrary to its Return Policy and representations about its

24   Return Policy, it is up to the customer to follow up on whether he has actually obtained a refund

25   or not.  Where the customer fails to notice whether Amazon has issued a proper refund, or

recharged his account, Amazon is able to earn a windfall on those items which it has received back but has failed to issue the necessary refund or credit.

12. Plaintiff brings this action on behalf of herself and all others who have been damaged by Amazon's breach of its refund policies, in particular, in its failure to properly process refunds for goods that have been properly and timely returned, and who have been deceived by Amazon's unfair trade practices.

Parties

13. Plaintiff, Holly Jones Clark, is a citizen of the State of Kentucky. Over the past seven years, Plaintiff has purchased numerous items from Amazon.

14. Amazon is a Delaware corporation with a principal place of business at 410 Terry Avenue, North Seattle, Washington 98109.

Jurisdiction and Venue

15. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). Defendant is a citizen of a state different from that of Plaintiff, the putative class size is greater than 100 persons, and the amount in controversy in the aggregate for the putative class exceeds the sum or value of $5 million exclusive of interest and costs.

16. The Court has personal jurisdiction over Amazon because Amazon is located here, has its principal place of business here, is registered to do business here, and does do business here.

17. Moreover, Amazon's Conditions of Use dated September 4, 2023, under the section entitled "Disputes" specifically states that, "[a]ny dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington."

CLASS ACTION COMPLAINT          JURY TRIAL DEMANDED - 4

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

18. Venue is proper in this judicial district since this is the judicial district in which Amazon maintains its principal place of business.

Background

19.  There are several keys to Amazon's success, including  its speedy shipping, the vast array of products, and the purported ease of returning unwanted items. https://mashable.com/article/amaong-item-returns-methods-2023.

20. With certain exceptions, items that are shipped from Amazon.com, including Amazon Warehouse, Amazon represents that products can be returned within 30 days of delivery. https://www.amazon.com/gp/help/customer/display.html?nodeId=GKM69DUUYKQWKWX7.  Most third party sellers offer a similar return policy.  *Id.*

21.  Amazon states in its return policy that once it receives the item back, it will reverse the charge for the item as soon as it is processed by Amazon. https://www.amazon.com/gp/help/customer/display.html?nodeId=GKM69DUUYKQWKWX7

22.  A customer returning an item has an option of whether to have his credit card refunded or another payment method.  *Id.*  A customer who does not wish to wait for his refund to be processed may also seek an instant refund, if available, in which the cost of the product is refunded to the customer's credit card or issued as an Amazon.com Gift Card Balance, while return is processed.  *Id.*   Only if Amazon fails to receive the refunded item, is a customer's account supposed to be charged back for the item.

23.  To commence a return, presumably a customer pulls up its Amazon account and clicks the right corner stating "returns & orders". That will pull up a list of the customer's orders over a certain period of time.

CLASS ACTION COMPLAINT            JURY TRIAL DEMANDED - 5

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

24. The customer then scrolls down to the particular order he wants to return, and selects the button that states return or replace item next to the item listing.

25. The next page will ask the customer to choose the reason for the return from a drop down menu, including such choices as "bought by mistake", "didn't approve purchase", and "no longer needed." Once the choice is made, the customer then selects the continue button.

26. The next page allows the customer to pick the refund option, either to his Amazon account or his debit/credit card on file.

27. Once that is chosen, the customer will receive a QR code or return shipping label, which he can then use at various places such as UPS stores, in order to return the item, even without packaging.

28. Once the item is returned to the UPS store, and a QR code or the shipping label is scanned, the account holder is often issued a refund soon thereafter.

29. Often the customer will receive a "refund confirmation" from Amazon indicating that a refund has been issued in advance, and that if Amazon does not "receive the item listed above" it "may charge your original payment method."

30. A customer may often be able to see when Amazon has received the returned item at at one of its fulfillment centers by clicking on the tab next to the item under return/refund status.

31. However, many returns are not made with ease. Rather, the customer takes the above or similar steps to return an item within the appropriate window (generally 30 days), is told that the refund has been approved, and returns the item.

32. Despite timely returning the item in accordance with all of Amazon's steps, the customer never receives the refund, or is recharged for the item despite the fact that it has been timely returned to Amazon.

CLASS ACTION COMPLAINT          JURY TRIAL DEMANDED -
6

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

33. In such cases, Amazon earns a windfall by failing to properly refund the value of the item, while receiving and being able to resell the item a second time.

Plaintiff Clark's Experience

34. Plaintiff maintains an Amazon account.

35. On February 7, 2023, Plaintiff ordered a book entitled <u>Maximize Living Nutrition Plans</u>, from Amazon for $23.59, Order No. 113-9478762-1569815.

36. Plaintiff never received the book, because the seller cancelled the order on February 8, 2023. "The Amazon seller" specifically wrote to Plaintiff at 1:23 p.m. Eastern U.S. time that she would receive a refund from Amazon stating in relevant part: "I will let Amazon know, that you can have your money back." Amazon at 1:25 p.m. that day, wrote to Plaintiff and confirmed: "Hello Holly, We are writing to inform you that your order has been canceled. We're sorry for the inconvenience that has caused.  In most cases, we pay for items when we ship them to you, so you won't be charged for items that are canceled."

37. Although it has been almost seven months, Plaintiff, who paid in advance, never received her refund from Amazon despite having paid for the item on her credit card.  She inquired in writing on  March 22, 2023, about her refund via the Amazon platform's online messaging system but to date her Amazon gift card balance continues to show a zero balance.

Plaintiff is Not the Only One who has Failed to Receive Legitimate Refunds

38. Plaintiff is not the only who has failed to receive legitimate refunds, and the internet is littered with stories of others who have suffered the same fate.

39. For example, one customer on Reddit has complained that he purchased over $1,000 worth of equipment, which was faulty but that Amazon refused to refund his money for the                                                                                              item. https://www.reddit.com/r/amazonprime/comments/156wfl6/amazon_refund_issue_please_help_ive_lost_over_1000/.

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

40. The customer complains that he has wasted hours on the phone with Amazon customer service representatives to no avail.  In fact, when others told the customer to get a charge back from his bank on the debit card that was used, it was suggested that such an action could result in Amazon locking a customer out of his account.

41. In other examples, other customers, particularly those with higher priced items have complained that they were unable to get refunds when the package went missing, or when it was returned.  See, e.g. https://news.ycombinator.com/item?id=27331075.  *See also* https://www.elliott.org/advocacy/amazon-didnt-receive-my-return-package-what-should-i-do.

42.  Plaintiff now brings this action on behalf of all those who have been unable to get timely and accurate refunds from Amazon or have been charged back even after making a legitimate return.

Class Action Allegations

43. Plaintiff brings this action, individually and on behalf of a nationwide class, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3), defined as follows:

> All persons in the United States, who, according to the Defendant's records, were charged by Defendant for failing to return a product that was timely returned in its original condition during the six years prior to the filing of this action.

44. Excluded from each of the Class(es) are: Defendant; Defendant's employees and agents; any judge conducting proceedings in this action and the judge's parents, spouses and children as well as any other member of the judge's family residing in the judge's household; counsel of record in this action and their parents, spouses and children as well as any other member of counsel's family residing in counsel's household; counsel's employees; and the legal representatives, heirs, successors and assigns of any excluded person.

45. Numerosity: The exact number of the members of the class (or subclasses) is not presently known, but is so numerous that joinder of individual members is this action is impracticable. Based on the nature of the activities alleged, Plaintiff believes that the members of the class number in the millions and are geographically dispersed throughout the United States.

46. Class members are readily identifiable from information and records in possession, custody, or control of Defendant, the Class members, and retailers.

47. Commonality: There are numerous issues of law and fact common to Plaintiff and Class Members that predominate over any issue affecting only individual class members. Resolving these common issues will advance resolution of the litigation for all class members. These common issues of law and fact include, but are not limited to, the following:

a. Whether the Return Policy constitutes a contract with Amazon customers that Amazon will provide a refund for products timely returned in their original condition;

b. Whether Amazon breached that contract;

c. Whether Amazon has a widespread practice of re-charging customers for returned products or failing to provide the required refund, despite having timely received the products in original condition;

d. Whether Defendant violated the Washington Consumer Protection Act by its practice of re-charging customers for returned products or failing to provide them with the required refund, despite having timely received the products in their original condition;

e. Whether Defendant is liable for money had and received;

f. Whether Defendant is liable for unjust enrichment;

g. Whether Defendant is liable for conversion

CLASS ACTION COMPLAINT        JURY TRIAL DEMANDED -
9

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

48. Typicality: Plaintiff's claims are typical of the claims of the other Class members in that Plaintiff, like all Class Members, was charged for items that were timely returned to Amazon in original condition or never received. Plaintiff, like all class members, was damaged by Defendant's misconduct in that she suffered actual damages as a result of Amazon's charges. Furthermore, the factual bases of Defendant's misconduct represent a common thread of misconduct resulting in injury to all Class Members. Plaintiff has the same interest in this matter as all Class Members, and Plaintiff's claims arise out of the same set of facts and conduct as the claims of all Class Members. Plaintiff's and Class Members' claims all arise out of Amazon's unlawful practice of charging consumers even when a product is returned on time.

49. Adequacy: Plaintiff has no interest that conflicts with the interests of the Class, understands and appreciates her duties to the Class, and is committed to pursuing this action vigorously. Plaintiff has retained counsel competent and experienced in complex consumer class action litigation. Accordingly, Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

50. Superiority: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class Member is relatively small compared to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for individual Class Members to effectively redress the wrongs done to them. Even if Class Members could afford individualized litigation, the court system could not. Individualized litigation would increase delay and expense to all parties, and to the court system, because of the complex legal and factual issues of this case. Individualized rulings and judgments could result in inconsistent relief for similarly situated individuals. By contrast, the class action device presents far fewer management difficulties, and

CLASS ACTION COMPLAINT        JURY TRIAL DEMANDED -        **BORDE LAW PLLC**
10                                                         1700 7th Ave., Suite 2100
                                                           Seattle, Washington 98101
                                                           (206) 531-2722

provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

51. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole

**GOVERNING LAW**

52. Amazon's Terms of Use provide that "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon."

**COUNT I. BREACH OF CONTRACT.**

53. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs 1-52. A valid contract exists between Amazon and Plaintiff.

54. Competency. Plaintiff and Defendant are legally competent. Plaintiff is an individual of legal age who has not been adjudged incompetent. Defendant is a validly organized corporation acting through its authorized agents.

55. Duty. Among other things, the parties' contract imposes a duty on Amazon to refund to Plaintiff the purchase price and applicable taxes of merchandise returned to Amazon in its original condition during its return window.

56. Offer. Amazon offered this agreement by representing that items in their original condition, shipped by Amazon, can be returned for a full refund by requesting a refund on the website, and dropping-off the item at an authorized drop-off location within the time specified by Amazon.

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

57. Acceptance. Plaintiff accepted Amazon's offer by purchasing an item from Amazon's website, to have been shipped by Amazon in accordance with Amazon's purchasing protocol.

58. Conditions precedent. Plaintiff satisfied all conditions precedent for Amazon's performance by paying for relevant merchandise, requesting a refund and relying on Amazon's statements that she would obtain a refund.

59. Consideration. The payment for merchandise advertised as being free to return is consideration by the Plaintiff for Amazon's promise of free returns. The return of merchandise to an authorized drop-off location is consideration for Amazon's promise of a full refund. Amazon's promise of free returns and full refunds is consideration for Plaintiff's purchase of merchandise.

60. Breach. Amazon breached its duty under the terms of the parties' contract by failing to provide the refund for the item that were timely returned to Amazon in their original condition or never provided.

61. Injury. Plaintiff was injured by Amazon's breach in that Amazon charged Plaintiff money to which Amazon was not entitled.

62. Causation. Had Amazon fulfilled the terms of the parties' contract, Amazon would not have charged Plaintiff money to which Amazon was not entitled.

63. Damages. Amazon's breach cost Plaintiff the benefit of his bargain and caused Plaintiff to suffer contract damages equal to the purchase price and applicable taxes for the returned items and interest.

## COUNT II. VIOLATION OF THE WASHINGTONCONSUMER PROTECTION ACT
### Wash. Rev. Code Ann. § 19.86.020 et seq.

CLASS ACTION COMPLAINT           JURY TRIAL DEMANDED -
12

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

1    64.  Plaintiff realleges and incorporates by reference all allegations in preceding

2    paragraphs 1-63.

3    65. Washington's Consumer Protection Act prohibits any "[u]nfair methods of

4    competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

5    66. At all relevant times, Class Members and Defendant were "persons" within the

6    meaning of the Consumer Protection Act, Wash. Rev. Code § 19.86.010(1).

7    67. At all relevant times, Amazon represented that it would provide full and partial

8    refunds for items it shipped that were returned much less never received.

9    68. Nevertheless, Amazon routinely failed to live up to that promise and instead re-

10   charged its customers the full sale price and tax on items that were returned to it or failed to

11   provide the promised refund.

12   69. On information and belief, Amazon knew that it routinely re-charged or failed to

13   refund its customers the full sale price and tax on items that were returned to it in their original

14   condition or never received.

15   70. Amazon's own records contain the dates and time of its receipt of returns.

16   71. Despite Amazon's knowledge of its systemic failure to deliver on its promise of

17   refunds for timely returned or never received items and its practice of routinely re-charging its

18   customers the full sale price and tax on items that were timely returned to it, Amazon continued

19   to represent to Plaintiff and the Class that items were refunded.

20   72. However, Amazon regularly did not refund the charges when it received returns.

21   Instead, it reverted charges or failed to provide a refund when a customer contacted Amazon's

22   customer service and requested the charges be reverted.

23   73. These affirmative misrepresentations were likely to mislead and were unfair in

24   that they incentivized consumers to purchase goods from Amazon on the expectation that

25

CLASS ACTION COMPLAINT            JURY TRIAL DEMANDED -            **BORDE LAW PLLC**
13                                                                 1700 7th Ave., Suite 2100
                                                                   Seattle, Washington 98101
                                                                   (206) 531-2722

1  returns would be handled as Amazon described, and discouraged consumers from contacting

2  Amazon to investigate its charges.

3  74. Amazon willfully and purposefully engaged in deceptive and unfair acts and

4  practices, misrepresentation, and the concealment, suppression, and omission of material facts

5  in connection with trade or commerce in violation of Wash. Rev. Code § 19.86.020 as described

6  in the allegations above.

7  75. Amazon's misrepresentations and omissions detailed above constitute an act or

8  practice in the conduct of trade or commerce.

9  76. Amazon's misrepresentations and omissions detailed above impact the public

10  interest in that Defendant's acts: (1) injured other persons as alleged above; (2) had the capacity

11  to injure other persons; and (3) continues to have the capacity to injure other persons.

12  77. Amazon's misrepresentations and omissions detailed above are unfair because

13  they inequitably enrich Defendant at the expense of the Class.

14  78. Amazon's misrepresentations and omissions detailed above are unfair because

15  they offend public policy, they are so oppressive that the Class has little alternative but to

16  submit, and they cause consumers unjustified substantial injury.

17  79. Plaintiff has suffered economic injury as a direct and proximate result of

18  Amazon's conduct in that Plaintiff was by its practices, wrongfully re-charged or charged the

19  purchase price and applicable taxes for timely returned items, damaging him in an amount equal

20  to those charges and interest.

21  80. As a direct and proximate result of the foregoing acts and practices, Amazon has

22  received, or will receive, income, profits, and other benefits which it would not have received

23  if they had not engaged in the violations described in this Complaint.

24

25

81. As a direct and proximate result of the foregoing acts and practices, Amazon has received, or will receive, income, profits, and other benefits which it would not have received if they had not engaged in the violations described in this Complaint.

## COUNT III.

82. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs 1-81. Plaintiffs allege this Count in the alternative to Count I in accordance with Fed. R. Civ. P. 8(d)(2).

83. Amazon received money from Plaintiff and from each member of the Class. The monies belonged to Plaintiff and to each member of the Class.

84. Amazon has not returned the money.

85. It will give offense to equity and good conscience if Amazon is permitted to retain the money.

86. Plaintiff, on behalf of herself and the members of the Class seek the return of the money in an amount to be proved at trial.

## COUNT IV.

## UNJUST ENRICHMENT

87. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs 1-86.

88. Plaintiff alleges this Count in the alternative to Count I in accordance with Fed. R. Civ. P. 8(d)(2).

89. Plaintiff and Class Members conferred a monetary benefit on Amazon when they were wrongfully re-charged or failed to receive a refund for the purchase price and applicable taxes for an item that was timely returned to Amazon in its original condition or never received. Plaintiff and Class Members also conferred a monetary benefit on Amazon when they made purchases in reliance on Amazon's false representations about its return policy.

CLASS ACTION COMPLAINT        JURY TRIAL DEMANDED - 15

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

90. On information and belief, Amazon knew that it routinely charged its customers the full sale price and tax on items that were timely returned to it in original condition. Amazon's own records contain the dates and time of receipt of returns.

91. It is inequitable for Amazon to retain the money that Plaintiffs and the Class paid to Amazon for items that they timely returned and that Amazon acknowledged it received.

## COUNT V.

## CONVERSION

92. Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs 1-91. Plaintiff and the members of the Class own and have a right to possess the money that is in their respective bank accounts, Amazon accounts, internet payment accounts, and/or Amazon interfered with Plaintiff's and the Class's possession of this money by making unauthorized charges to their bank accounts, Amazon accounts, internet accounts, and/or credit cards by wrongfully re-charging or failing to refund the purchase price and applicable taxes for the returned item damaging Plaintiffs in an amount equal to those charges and interest.

93. Plaintiff and the Class never consented to Amazon's taking of this money from their bank accounts, Amazon accounts, internet payment accounts, and/or credit cards.

94. Amazon wrongfully retained dominion over this monetary property and/or the time-value of the monetary property.

95. Plaintiff and the Class have been damaged by Amazon's wrongful taking of such money from their bank accounts, Amazon accounts, internet payment accounts, and/or credit cards in an amount that is capable of identification through Plaintiff's and Amazon's records.

## VII. JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all the claims asserted in this Complaint.

## VIII. PRAYER FOR RELIEF

**BORDE LAW PLLC**
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant and in favor of Plaintiff as follows:

A. Actual damages;

B. All damages, including treble damages, recoverable under the Washington Consumer Protection Act, as well as all recoverable fees, costs, and attorney fees;

C. Punitive and/or exemplary damages due to Defendant's willful disregard of the rights of Amazon and the public, and outrageous and reckless conduct toward the safety of Amazon and the public, in an amount to be proven at trial;

D. All other damages allowed by law;

E. Pre-judgment and post-judgment interest as allowed by law;

F. Costs of litigation incurred herein; and

G. Any such other and further relief as the Court deems just and equitable.

H. Plaintiff specifically reserves the right to pursue additional causes of action, claims, and/or forms of relief other than those specifically outlined above, that are supported by the facts pleaded herein or that may be supported by other facts that emerge during discovery.

DATED this 6th day of November, 2023.

s/ Manish Borde
Manish Borde, WSBA #39503
BORDE LAW PLLC
1700 7th Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 531-2722
mborde@bordelaw.com
*Attorney for Plaintiff*

CLASS ACTION COMPLAINT     JURY TRIAL DEMANDED -
17

BORDE LAW PLLC
1700 7th Ave., Suite 2100
Seattle, Washington 98101
(206) 531-2722

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Lynda Grant
TheGrantLawFirm, PLLC
521 Fifth Avenue, 17th Floor
New York, NY 10175
Telephone: (212) 292-4441
lgrant@grantfirm.com
***Attorney for Plaintiff (Pro Hac Vice Forthcoming)***

CLASS ACTION COMPLAINT     JURY TRIAL DEMANDED -     **BORDE LAW PLLC**
18                                                 1700 7th Ave., Suite 2100
                                                   Seattle, Washington 98101
                                                   (206) 531-2722