UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURA ABBOTT, an individual, SIMA HERNANDEZ, an individual, MELISSA URBANCIC, an individual, and JILL CAPPEL, an individual, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>AMAZON.COM INC, a Delaware Corporation,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-1372-JNW<br><br>ORDER CONSOLIDATING CASES |
| SUMEET K. SRIVASTAVA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>AMAZON.COM INC, a Delaware Corporation,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cv-1545-JNW |

ORDER CONSOLIDATING CASES - 1

| | |
|---|---|
| HOLLY JONES CLARK, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br>    v.<br>AMAZON.COM INC, a Delaware Corporation,<br><br>                    Defendant. | CASE NO. 2:23-cv-1702-JNW |

## 1.  INTRODUCTION

Three putative class actions are pending against Amazon regarding its refund and exchange policy. Before the Court is a joint motion to consolidate two of the cases, but because consolidation is within the broad discretion of the district courts, the Court considers sua sponte whether to consolidate all three cases and how litigation will proceed in its early stages.[1]

## 2.  BACKGROUND

Plaintiffs Laura Abbott, Sima Hernandez, Melissa Urbancic, and Jill Cappel filed a putative class action against Defendant Amazon.com, alleging Amazon violated its refund and exchange policy by charging them for purchases they had returned. *Abbott, et al. v. Amazon.com, Inc.,* No. 23-cv-1372, Dkt. No 1 (Sept. 5, 2023). One month later, Plaintiff Sumeet Srivastava filed a putative class action against Amazon over the same practice. *Srivastava v. Amazon.com, Inc.,* No. 23-cv-1545, Dkt. No. 1 (Oct. 5, 2023).

---

[1] *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("Because consolidation is within the broad discretion of the district court, . . . trial courts may consolidate cases sua sponte[.]").

ORDER CONSOLIDATING CASES - 2

The *Abbott* and *Srivastava* parties filed a stipulated motion to consolidate their cases, but they disagree about whether the plaintiffs should file a consolidated complaint. *See Abbott,* No. 23-cv-1372, Dkt. No. 30; *Srivastava,* No. 23-cv-1545, Dkt. No. 19.

While their motions were pending, Plaintiff Holly Jones Clark filed another putative class action against Amazon. *Jones Clark v. Amazon.com Inc.*, No. 23-cv-1702, Dkt. No. 1 (Nov. 7, 2023). Clark defines her proposed class as follows:

> All persons in the United States, who, according to the Defendant's records, were charged by Defendant for failing to return a product that was timely returned in its original condition during the six years prior to the filing of this action.

*Id.* ¶ 43.

Clark's proposed class is the same as the proposed class in *Abbott. Compare id. with Abbott*, 23-cv-1372, Dkt. No. 1 ¶ 86. In its notice of related cases, Amazon describes a complete overlap of the cases: "[T]he proposed nationwide class in [the *Jones Clark*] matter is identical to the proposed nationwide class in *Abbott*. And the *Srivastava* proposed class encompass potential *Abbott* and *Clark* class members." *Jones Clark*, No. 23-cv-1702, Dkt. No. 9 at 2 (Nov. 9, 2023)).

### 3.  CONSOLIDATION

Rule 42(a) allows district courts to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). But the cases need not be identical as a prerequisite to consolidation. *See id; see also Felix v. Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *2 (N.D. Cal. Aug. 23, 2018) ("FRCP 42(a), however, does not require the complaints to be identical for purposes of

consolidation."). District courts have "broad discretion under this rule to consolidate cases pending in the same district." *Investors Rsch. Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Courts have "broad discretion" to consolidate cases and may do so sua sponte. *In re Adams Apple, Inc.*, 829 F.2d at 1487.

The *Abbott* and *Srivastava* parties believe that consolidation is warranted because the Abbott Plaintiffs' and Srivastava's cases involve the same defendant and overlapping factual and legal issues. *See Abbott,* No. 23-cv-1372, Dkt. No. 30 at 2; *Srivastava,* No. 23-cv-1545, Dkt. No. 19 at 2. The Court agrees. The *Clark* case also has the same defendant and overlapping factual and legal issues. To promote judicial economy, ensure consistent results, and to streamline matters overall, the Court GRANTS the parties' motion to consolidate and consolidates the *Clark* case sua sponte.

Since it's the lower-numbered case, *Abbott* will constitute the main docket for the consolidated action, and all future filings must be made under Case No. 23-cv-1372. The case caption will be reformed as "*In re: Amazon Return Policy Litigation.*"

In consolidated cases involving complex litigation, "unified or master complaint[s]" are "used often." 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2382 (3d ed.) (collecting cases). Srivastava and Amazon advocate for a master complaint, but the *Abbott* Plaintiffs contend that a unified complaint is unnecessary considering the derivative nature of Srivastava's complaint. The Abbott Plaintiffs primary objection, however, is that preparing a

consolidated complaint will result in "needless delay" and give Amazon a potential tactical advantage in the form of extra time to respond to the plaintiffs' claims.

While this is a legitimate concern, it does not rise to the level of prejudice or override the obvious efficiencies to be gained down the line in directing motion practice and discovery toward one complaint. *See Katz v. Realty Equities Corp. of New York,* 521 F.2d 1354, 1359 (2d Cir. 1975) (affirming district court's order requiring consolidated complaints for pretrial purposes in complex litigation suit).

Accordingly, the Court finds that a consolidated complaint is appropriate here. But filing the consolidated complaint is the province of interim class counsel, which, as discussed below, has yet to be appointed. *See Pecznick v. Amazon.com, Inc.*, No. 2:22-CV-00743-TL, 2022 WL 4483123, at *6 (W.D. Wash. Sept. 27, 2022) (ordering interim class counsel to file consolidated amended complaint).

### 4. INTERIM CLASS COUNSEL

Counsel for the Abbott Plaintiffs and Srivastava cannot agree upon a shared role in representing the putative class and will each seek interim lead class counsel status. The Court also presumes that Clark's counsel will want a shot at this role or at least a say in this determination. Given the competing attorneys vying for control, the Court finds it necessary to designate interim counsel before class certification to protect the interest of the putative class. Fed. R. Civ. P. 23(g)(3); *see* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. The Abbott Plaintiffs, Srivastava, and Clark may file cross-motions seeking appointment as interim class counsel.

## 5. OTHER MATTERS

The parties discuss various other matters in their joint motion: the timing of a Rule 26(f) conference, the briefing schedule on any dispositive motion, and the deadline for Amazon's response to the plaintiff's complaints if a consolidated complaint is not ordered. *See Abbott,* No. 23-cv-1372, Dkt. No. 30 at 3,6; *Srivastava,* No. 23-cv-1545, Dkt. No. 19 at 3,6.

But interim class counsel must be settled before the Court and the parties can address these issues in an informed way. So for now, the Court STRIKES the dates listed in the initial scheduling order in *Abbott*. *See Abbott,* No. 23-cv-1372, Dkt. No. 19 (Oct. 11, 2023). The Court also STRIKES Amazon's recently filed Motion to Dismiss in *Abbott*. *See Abbott,* No. 23-cv-1372, Dkt. No. 31 (Nov. 8, 2023). The Court will grant Amazon leave to refile its motion after the consolidated complaint is filed.

The forthcoming consolidated complaint will become the operative complaint in the consolidated action, so Amazon's time to serve a responsive pleading will begin to run once the consolidated complaint is filed. Thus, the Court DENIES Srivastava and Amazon's pending stipulated motion to extend the responsive pleading deadline as moot. *Srivastava,* No. 23-cv-1545-JNW, Dkt. No.19.

## 6. CONCLUSION

In sum, the Court ORDERS as follows:

4.1. The cases captioned as *Abbott, et al. v. Amazon.com, Inc.,* No. 23-cv-1372-JNW, *Srivastava v. Amazon.com, Inc.,* No. 23-cv-1545-JNW,

*Clark v. Amazon.com Inc.*, No. 23-cv-1702-JNW are consolidated for all purposes, including trial, into a single action.

4.2. The docket in Case No. 23-cv-1372-JNW will be the primary docket for the consolidated action, and all future filings must be made under this case number.

4.3. The consolidated action will be recaptioned as *In re: Amazon Return Policy Litigation,* Case No. 23-cv-1372-JNW.

4.4. The deadlines in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement in *Abbott, et al. v. Amazon.com, Inc.,* No. 23-cv-1372-JNW are STRICKEN. *See* Dkt. No. 19 (Oct. 11, 2023).

4.5. The Court directs the Clerk to file this order in Case No. 23-cv-1372-JNW, No. 23-cv-1545-JNW, and No. 23-cv-1702-JNW.

4.6. The Abbott Plaintiffs, Srivastava, and Clark may file cross-motions seeking appointment of interim class counsel as follows:

- Abbott Plaintiffs, Srivastava, and Clark may each file an opening brief within 14 days of this order seeking appointment as class counsel. Each brief may not exceed 4,200 words.

- Abbott Plaintiffs, Srivastava, and Clark may file an opposition brief to both or any other opening brief seeking appointment as class counsel 14 days later. Each parties combined brief may not exceed 8,400 words.

- Abbott Plaintiffs, Srivastava, and Clark may each submit a reply in support of their original motion, which will be due seven days later. Each reply may not exceed 2,100 words.

4.7. Interim class counsel must file a consolidated complaint within 30 days of the Court's order appointing interim class counsel.

4.8. Amazon must serve its responsive pleading within 21 days after Plaintiffs file their consolidated complaint. To the extent that Amazon files a dispositive motion, the parties may propose an alternative briefing schedule.

4.9. The stipulated motion to extend the responsive pleading deadline in *Srivastava v. Amazon.com, Inc.,* No. 23-cv-1545-JNW is DENIED as moot. Dkt. No. 19.

4.10. Amazon's Motion to Dismiss *Abbott, et al. v. Amazon.com, Inc.,* No. 23-cv-1372 is STRICKEN without prejudice. Dkt. No. 31.

Dated this 13th day of November, 2023.

Jamal N. Whitehead
United States District Judge